UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SYLVIA LIBBY,

    Plaintiff,        Civil No. 08-657-HA

    v.            OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

HAGGERTY, District Judge:

  Plaintiff Sylvia Libby seeks judicial review of a final decision by the Commissioner of the Social Security Administration denying her application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is affirmed.

**<u>ADMINISTRATIVE HISTORY</u>**

  Plaintiff applied for benefits on December 14, 2004, alleging disability from diminished concentration, agoraphobia, severe migraines, severe back pain, depression, decreased memory,

1  - OPINION AND ORDER

bilateral hip pain, and drowsiness since December 31, 2003. Her application was initially denied on July 15, 2005, and again denied after reconsideration on November 7, 2005.

Plaintiff sought administrative review of the denial of benefits. The Administrative Law Judge (ALJ) conducted a hearing on October 16, 2007, at which he heard testimony from plaintiff, who was represented by counsel, and a vocational expert (VE).

On November 30, 2007, the ALJ issued a decision finding that plaintiff is not disabled within the meaning of the Social Security Act. The Appeals Council declined plaintiff's request for administrative review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. Plaintiff subsequently initiated this action.

## STANDARDS

To establish an eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A) (2006).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability. 20 C.F.R. §§ 404.1520, 416.920; *see also Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to step two and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

2  - OPINION AND ORDER

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA. *See* 20 C.F.R. § 404.1520(d).  These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or the Listings).

The Listings describe, for each of the major body systems, impairments which qualify as severe enough to be construed as *per se* disabling.  20 C.F.R. §§ 404.1525, 416.925; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).  The claimant has the burden of producing medical evidence that establishes all of the requisite medical findings.  *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).  If the claimant's condition meets or equals an impairment in the Listing of Impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner determines the claimant's residual functional capacity (RFC), which is the most an individual could do in a work setting despite the total limiting effects of all the claimant's impairments.  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); Social Security Ruling (SSR) 96-8p.

Then the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past.  If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied.  *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.

3 - OPINION AND ORDER

In this five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

However, in step five, the burden shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Hoopai*, 499 F.3d at 1074-75 (citations omitted).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. *See* 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097-98 (citations omitted); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citations omitted). Substantial evidence is "more than a mere scintilla but less than a preponderance . . . it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citations and quotations omitted). This court must uphold the Commissioner's denial of benefits even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted).

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted). The

4   - OPINION AND ORDER

Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citations omitted).

A decision to deny benefits may be set aside only if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Benton*, 331 F.3d at 1035.

## SUMMARY OF THE ALJ'S FINDINGS

At step one of the sequential analysis, the ALJ found that plaintiff had met insured status requirements through September 30, 2005, and had not engaged in SGA at any time since her alleged disability onset date. Tr. 17, Finding 1-2.

At step two, the ALJ found that plaintiff suffered from the following severe impairments: mild degenerative disc disease and degenerative joint disease of the lumbar spine, migraine headaches, depressive disorder, and anxiety disorder. Tr. 17, Finding 3.

At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment in the Listing of Impairments. Tr. 17, Finding 4. Under the "paragraph B" criteria, the ALJ considered whether plaintiff's mental impairments resulted in any of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation. Tr. 20.

The ALJ found no restrictions to plaintiff's activities of daily living and no episodes of decompensation. Tr. 20. The ALJ noted that plaintiff had moderate difficulties in social functioning and moderate difficulties with regard to concentration, persistence, and pace. *Id.*

However, the ALJ found that plaintiff's mental impairments failed to satisfy the paragraph B criteria because her impairments did not cause at least two marked limitations. *Id.*

The ALJ determined plaintiff had the RFC to occasionally lift fifty pounds, frequently lift twenty-five pounds, and can sit, stand, or walk six hours each in an eight-hour work day. Tr. 20.  Despite finding that plaintiff's mental impairments did not cause marked limitations, the ALJ provided plaintiff with non-exertional limitations including: "[S]imple routine tasks and instructions and should have only occasional public contact, yet also only occasional co-worker contact with no teamwork."  Tr. 20, 562-63.

At step four, the ALJ found that plaintiff was not able to perform her past relevant work.  Tr. 25, Finding 6.

At step five, the ALJ found that given plaintiff's RFC, plaintiff could perform work existing in significant numbers in the national economy.  Tr. 24, Finding 10.  The ALJ relied upon testimony from the VE, who referred to the Dictionary of Occupational Titles (DOT), which is a publication of the United States Department of Labor containing descriptions of the requirements for thousands of jobs that exist in the national economy.   The VE testified that plaintiff could work as a hand packager (DOT 920.587-018), sweeper-cleaner (DOT 389.683-010), and assembler of small products (DOT 706.684-022).  Tr. 24, 26.  Accordingly, the ALJ was compelled to conclude that plaintiff was not eligible for DIB.

## **DISCUSSION**

Plaintiff contends that this court should reverse and remand the Commissioner's final decision for further findings or for an award of benefits due to a number of alleged errors.  The

alleged errors on the part of the ALJ include: (1) improperly rejecting plaintiff's subjective complaints, and (2) improperly formulating plaintiff's RFC.

**1.        Plaintiff's credibility determination and migraine testimony**

Plaintiff argues that the ALJ erred in evaluating her credibility and subjective complaints of severe migraines.  An ALJ need not believe every allegation of disabling pain or functional limitation advanced by a claimant.  *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995).  In determining a plaintiff's credibility, an ALJ should consider "ordinary techniques of credibility evaluation," including plaintiff's reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid."  *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *see also Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).  The ALJ also may consider a claimant's work record and the observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms.  *Id*.

Under *Smolen* and its progeny, a two-step analysis applies at the administrative level when considering a claimant's subjective credibility.  *Smolen*, 80 F.3d at 1281.  First, the claimant must produce objective medical evidence of an impairment and show that the impairment could reasonably be expected to produce some degree of symptom.  *Id*. at 1281-82.  Even partial support from the medical evidence is sufficient.  In the absence of evidence of malingering, an ALJ can reject the claimant's testimony about the severity of symptoms "only by offering specific, clear and convincing reasons for doing so."  *Smolen*, 80 F.3d at 1281; *see also* SSR 96-7p ("[ALJ's decision] must be sufficiently specific to make clear to the individual and to

any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight").

Moreover, a claimant's statements cannot be rejected solely because the testimony is viewed as unsubstantiated by the available objective medical evidence. 20 C.F.R.§§ 404.1529(c)(2); 416. 929(c)(2).

In evaluating plaintiff's credibility, the ALJ concluded that plaintiff's "allegations of disability are not credible" because her alleged limitations were not supported by clinical findings and her medical record indicated drug-seeking behavior. Tr. 21. The ALJ noted that plaintiff's medical records demonstrate that plaintiff has engaged in a pattern of emergency room visits during which she claims migraine headaches and requests narcotics. Tr. 21-23, 161-315.

After reviewing plaintiff's medical records, this court agrees. Plaintiff had over forty hospital visits seeking narcotic shots or prescriptions, including at least ten visits prior to her alleged disability onset date. Tr. 161-315. As the ALJ noted, multiple doctors reported plaintiff's behavior as drug-seeking. Tr. 23, 190-91, 273, 294, 307, 310, 312, 422, 426. Moreover, plaintiff admitted that she abused prescription drugs during her crisis evaluation at the Santa Clara Valley Correctional Center. Tr. 404.

Additionally, the ALJ noted that plaintiff's allegations of disability are "sorely undermined" by her medical records. Tr. 22. Plaintiff's medical history shows numerous inconsistencies, including attempts to falsify her identification. Tr. 308-09, 405, 425, 486. The ALJ also noted that plaintiff was arrested in 2004 with three warrants for possible stolen property, providing false information to police officer, and check fraud. Tr. 25, 403.

An ALJ may properly rely on inconsistencies between a claimant's testimony and the claimant's conduct and daily activities. *See, e.g., Thomas*, 278 F.3d at 958-59 (citation omitted). An ALJ also may consider "[t]reatment, other than medication;" "[f]unctional restrictions;" "[t]he claimant's daily activities;" "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment;" and "ordinary techniques of credibility evaluation" in assessing the credibility of the allegedly disabling subjective symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *see also* SSR 96-7p; 20 C.F.R. 404.1529 (2005); *Morgan v. Commissioner of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (holding it is proper to rely on plaintiff's daily activities, and on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998) (holding it is proper to rely on weak objective support, lack of treatment, daily activities inconsistent with total disability, and helpful medication); *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995) (holding it is proper to rely on the fact that only conservative treatment had been prescribed or followed); *Orteza*, 50 F.3d at 750 (holding it is proper to rely in part upon claimant's daily activities).

The ALJ noted that plaintiff's "third party statement" from her boyfriend, Michael Angelo, reported that plaintiff has limitations that are both inconsistent with plaintiff's medical record and the third party's report of plaintiff's daily activities. Tr. 25, 89-91. After reviewing the evidence in a light most generous to plaintiff, the ALJ properly found that plaintiff has a narcotic dependency and no medical justification to explain why she is unable to work. Tr. 22.

This court concludes that the ALJ's findings regarding plaintiff's testimony of subjective complaints and the conflicts arising between those complaints and objective medical

reports were properly supported by substantial evidence in the record. These recorded reasons for viewing plaintiff's credibility as diminished, and the careful analysis provided by the ALJ regarding the evidence of plaintiff's capacities to engage in activities, were supported by substantial evidence in the record and were of clear and convincing force. Accordingly, despite plaintiff's differing view of the evidence, plaintiff's assignment of error regarding the ALJ's credibility determination is rejected.

**2.      The ALJ's Analysis at Step Five**

Plaintiff challenges the ALJ's conclusion that she could perform the occupations of hand packager (DOT 920.587-018), sweeper-cleaner (DOT 389.683-010), and assembler of small products (DOT 706.684-022). Tr. 24, 26. Plaintiff also argues that the ALJ improperly formulated plaintiff's mental limitations and relied on erroneous testimony from the VE. Pl.'s Br. at 8, 11.

The ALJ found that plaintiff can occasionally lift fifty pounds, frequently lift twenty-five pounds, and can sit, stand, or walk six hours each in an eight-hour work day. Tr. 20. However, the ALJ noted that plaintiff has non-exertional limitations including: "[S]imple routine tasks and instructions and should have only occasional public contact, yet also only occasional co-worker contact with no teamwork." Tr. 20, 562-63. The ALJ posed the VE a hypothetical question that incorporated functional limitations identical to the RFC the ALJ determined for plaintiff, including all of her non-exertional limitations. Tr. 562-63; *see Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995) (stating that a VE's testimony constitutes substantial evidence when the ALJ presents the VE with a hypothetical question that is based on medical assumptions

supported by substantial evidence in the record that reflects each of the claimant's limitations, such as in this case).

### A. Plaintiff's non-exertional and mental limitations

Plaintiff argues that the ALJ's "no teamwork" limitation is inconsistent with the VE's testimony that she can perform work as an assembler of small products. Pl.'s Br. at 15. Plaintiff specifically points to the description in the DOT for assembler of small products. According to the DOT's description, to be able to perform the requirements of an assembler of small products, plaintiff must be able to: "Frequently works at bench as member of assembly group assembling one or two specific parts and passing unit to another worker." Pl.'s Br. at 15.

This court finds that the language in the DOT's description is consistent with plaintiff's limitations provided by the ALJ. Plaintiff can work as part of an assembly group while not being required to interact with co-workers at the level of teamwork. The assembler of small parts job is given the lowest score for job requirements relating to people. Pl.'s Br. at 12. The VE explained that the number of jobs available to plaintiff reflected a one-third reduction based on plaintiff's limitations in co-worker contact. Tr. 564. The ALJ provided plaintiff with non-exertional limitations relating to her interactions with others and the VE testified accurately in accordance with those limitations. The RFC finding and the hypothetical questioning posed to the VE appropriately included limitations "based on medical assumptions supported by substantial evidence in the record that reflect[ed] all the claimant's limitations." *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001) (citation omitted). The VE's testimony is not erroneous and the ALJ properly relied on that testimony when it determined that plaintiff can

11 - OPINION AND ORDER

perform jobs that exist in significant numbers in the national economy. *See id.* at 1164-65 (citations omitted).

Plaintiff also alleges that the ALJ failed to incorporate plaintiff's true capacities regarding concentration, persistence, and pace into the RFC. Plaintiff argues that her deficiencies in concentration, persistence, and pace are fatal to the ALJ's determination that she can perform the work of a hand packager, assembler of small products, and sweeper/cleaner.

To determine a plaintiff's RFC, the ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms or pain that are reasonably attributed to a medically determinable impairment. *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). The ALJ must account for all of the plaintiff's limitations that are supported by substantial evidence when formulating the plaintiff's RFC as well as providing a hypothetical to the VE. *Id.* at 886.

When evaluating plaintiff's mental limitation claims, the ALJ found one hand-written letter from Dr. Henriette Parkman saying: "Sylvia Libby was a long-time patient of mine whom I have treated for major depressive episodes and anxiety attacks. The only contact after 12/01/2001 [was] for refills of anti-anxiety medication." Tr. 25, 528. The remaining evidence in the record documenting plaintiff's depression and anxiety includes records from Santa Clara Valley Health and Hospital System and a psychosocial assessment when plaintiff was arrested on March 10, 2004. Tr. 326-27, 338, 365, 381-410. None of these records indicates the severity of plaintiff's mental limitations or establishes that they interfere with her ability to work. The ALJ considered plaintiff's mental limitations when it determined that plaintiff can only perform simple and routine tasks with limited public and co-worker contact.

This court finds that the ALJ properly considered and incorporated plaintiff's mental limitations into plaintiff's RFC and the hypothetical posed to the VE. The ALJ determined that plaintiff had moderate difficulties in concentration, persistence, and pace based on her severe impairments of depression and anxiety. Tr. 20. However, the ALJ did not find that plaintiff's mental limitations were severe enough to be a marked restriction that would prevent her from working. Tr. 25.

While questioning the VE, plaintiff's counsel asked if marked restrictions in concentration, persistence, and pace would prevent a person from obtaining competitive employment. Tr. 565. The ALJ explained to the VE that a marked restriction is a "serious limitation with substantial loss in ability to effectively function." Tr. 566. The VE testified that if a person were significantly and substantially limited in the ability to attend to simple tasks, then no employment is possible. Tr. 567. However, because the ALJ determined that plaintiff's moderate difficulties in concentration, persistence, and pace did not rise to the level of a marked restriction, plaintiff is not precluded from employment.

### B. Plaintiff's migraine limitation

Plaintiff argues that her migraine headaches significantly limit her ability to work and are triggered by noise. Pl.'s Br. at 11. Plaintiff asserts that the ALJ failed to assign "workplace limitations relative to Plaintiff's severe migraine impairment" when calculating her RFC and formulating the hypothetical for the VE. *Id.* These allegations are unsupported in the record.

Although at step two the ALJ found that plaintiff's migraine headaches constituted a severe impairment, the ALJ was not required to incorporate that impairment in the step five analysis:

13 - OPINION AND ORDER

>       At step five a vocational expert's testimony is required when a
> non-exertional limitation is "'sufficiently severe' so as to significantly limit the
> range of work permitted by the claimant's exertional limitation."  The step two
> and step five determinations require different levels of severity of limitations such
> that the satisfaction of the requirements at step two does not automatically lead to
> the conclusion that the claimant has satisfied the requirements at step five.
>
>       The regulations guiding the step-two determination of whether a disability
> is severe is merely a threshold determination of whether the claimant is able to
> perform his past work.  Thus, a finding that a claimant is severe at step two only
> raises a prima facie case of a disability.  In contrast, the step-five determination is
> necessary to ascertain whether there is a significant number of jobs in the national
> economy that the claimant can perform.

*Hoopai*, 499 F.3d at 1076 (citations omitted).

Even if the ALJ chose to believe all of plaintiff's subjective complaints regarding her migraine headaches, plaintiff's testimony at the hearing did not affirmatively establish that her migraines are triggered by noise.  During examination by plaintiff's attorney:

> Q:   Okay.  Your headaches you were talking about, is there anything that brings that on, do you know?
>
> A:   Not really.  Sometimes it's stress, sometimes it's noise.  It just happens.

Tr. 557-58.  Moreover, the ALJ found that plaintiff's subjective complaints were not credible based on the absence of clinical findings, plaintiff's drug-seeking behavior, and plaintiff's inconsistent and unreliable reporting. Tr. 21, 25.  Because plaintiff's diminished credibility, inconsistent statements and conflicting medical records do not support her migraine complaints, the ALJ was not required to incorporate this impairment into the step five analysis.

## **CONCLUSION**

After careful consideration of the record and plaintiff's arguments advanced in this matter, this court is compelled to conclude that the Commissioner's decision is supported by substantial evidence and that the Commissioner applied the proper legal standards.  Therefore,

14 - OPINION AND ORDER

the final decision of Commissioner denying plaintiff Sylvia Libby's application for benefits is

AFFIRMED.

    IT IS SO ORDERED.

    DATED this __23rd_____ day of June, 2009.

                                                          /s/Ancer L. Haggerty
                                                ANCER L. HAGGERTY
                                          United States District Judge